UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JULIE WARD,

        Plaintiff,

                                  Case Number 09-10788-BC

v.                                       Honorable Thomas L. Ludington

CENTRAL MICHIGAN
COMMUNITY HOSPITAL,

        Defendant.
_____/

## **ORDER ADOPTING STIPULATION TO FILE DOCUMENTS UNDER SEAL**

On October 1, 2009 the Court signed a stipulated protective order [Dkt. #21] that had been submitted by the parties. The stipulated order called for documents that the parties deemed confidential to be marked "Protected" and filed, if at all, in accordance with Eastern District of Michigan Local Rule 5.3. The parties filed a stipulation on March 25, 2010, noting that Defendant anticipates filing a motion for summary judgment and seeking permission to file certain exhibits that will accompany the motion under seal. The stipulation will be adopted.

Local Rule 5.3 permits parties to file documents under seal in a civil case without a court order if sealing is authorized by a statute or court rule. E.D. Mich. L.R. 5.3(a). If sealing is not authorized by statute or rule, a court order authorizing sealing is required. *Id.* 5.3(b). A motion or stipulation requesting authorization to file documents under seal must (1) state the authority for sealing; (2) identify each item proposed for sealing; (3) state the reason the items need to be sealed; (4) state the reason means other than sealing are unsatisfactory or unavailable; and (5) be accompanied by a supporting brief. *Id.* 5.3(b)(2)(A). "Only the germane portion of a filing may be sealed." *Id.* 5.3(c)(2). The Rule is intended to balance the public's presumptive right of access to

court records with the interest of litigants in privacy. "Any attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983) (quoting *Ex Parte Drawbraugh*, 2 App. D.C. 404 (D.C. Cir. 1894)).

First, Defendant identifies two employment separation agreements between Defendant and former employees. Defendant represents that the agreements contain confidentiality clauses that prohibit Defendant from disclosing the contents of the agreements and contends that sealing is necessary to protect the privacy interests of the non-parties. Assuming that Defendant advances the exhibits simply to establish the existence of the agreements and the separation dates, and that any specific provisions contained therein are not material, they may be filed under seal.

Second, Defendant seeks to file under seal the employee evaluation of a nonparty that was completed by Plaintiff. In a summary judgment motion already filed in a related case (No. 09-10790), the evaluation is cited for the proposition that Mike Terwilliger, the nonparty employee, was evaluated by Plaintiff in November 2007 as a " 'high' or 'medium' performer in all categories." Although it is not clear why the extraneous personal information in the evaluation was not simply redacted, that information is not material to the resolution of the motion and may be properly filed under seal. Terwilliger's interest in the privacy of that information outweighs the public's interest in access, at least at this time. *See In re Knoxville News-Sentinel Co.*, 723 F.2d at 474. If, however, the personal information in the evaluation or the separation agreements becomes relevant at a later time, those documents will be unsealed and placed on the public docket.

Accordingly, it is **ORDERED** that Defendant's stipulation with supporting brief [Dkt. # 24] is **ADOPTED**.

It is further **ORDERED** that Defendant is **GRANTED LEAVE** to file the proposed exhibits under seal.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 2, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 2, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS
